The Honorable Thomas S. Zilly

1

2

3

4

5

6

7

# UNITED STATES DISTRICT COURT WESTERN DISTRICT OF WASHINGTON AT SEATTLE

8

ROLAND PIZAN and LILIA PIZAN,

9

    Plaintiffs,

No. 11-00026-TSZ

10

    v.

11

HSBC BANK USA, N.A., AS TRUSTEE UNDER THE POOLING AND SERVICING AGREEMENT DATED AS OF DECEMBER 1, 2006, FREMONT HOME LOAN TRUST 2006-E, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., QUALITY LOAN SERVICE CORP. OF WASHINGTON,

12

13

14

15

    Defendants.

**DEFENDANTS HSBC BANK USA, N.A. AS TRUSTEE, MERS', AND LITTON'S RESPONSE TO PLAINTIFFS' MOTION FOR RECONSIDERATION**

**Date on Motion Calendar: July 1, 2011**

16

17

## I.   INTRODUCTION & RELIEF REQUESTED

18

COMES NOW, Defendants HSBC Bank USA, National Association, as Trustee under

19

the Pooling and Servicing Agreement dated as of December 1, 2006, Fremont Home Loan Trust

20

2006-E ("HSBC Bank as Trustee"), Mortgage Electronic Registration Systems, Inc. ("MERS"),

21

and Litton Loan Servicing LP ("Litton") and hereby respond to Plaintiffs' Emergency Motion for

22

Declaratory Judgment to Determine Defendant's Calculations and Tax Status Before Deposition

23

of Funds to Court's Registry, treated as a Motion for Reconsideration by the Court. Defendants

24

request the Court deny Plaintiff's Motion for Reconsideration.

25

//

26

///

DEFENDANTS HSBC BANK USA, N.A. MERS', AND
LITTON'S RESPONSE TO PLAINTIFFS' MOTION
FOR RECONSIDERATION -1 of 8
CASE NO. 3:11-cv-00026-TSZ

ROUTH
CRABTREE
OLSEN, P.S.

13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

## II.   BACKGROUND

On or about June 16, 2011, the Court entered a Minute Order Granting Plaintiffs' Motion for TRO. The Order directed Plaintiffs to pay into the court registry the sum of $60,342.29. The Court also ordered Defendants to provide "(i) a quit claim, statutory warranty, or other deed for the property at issue in favor of Maria Pizan, formerly known as Maria Cabbab, if any exists; and (ii) a quit claim, statutory warranty, or other deed for the property at issue in favor of Roland Pizan, if any exists." Dkt. 46.

Following entry of the Court's June 16 Order, Plaintiffs filed an Emergency Motion for Declaratory Judgment, which the Court has treated as a Motion for Reconsideration. Dkt. 50 and 54.

On June 23, 2011, the Court entered an Order explaining its reasoning in granting Plaintiffs' Motion for TRO. In the June 23 Order, the Court directed Defendants to respond to Plaintiffs Motion for Reconsideration and address "with particular focus on whether and to what extent any amounts must be paid as a condition for restraint of a trustee's sale if the prerequisites for such sale have not been satisfied." Dkt. 54.[1]

### III.   ISSUES PRESENTED

Whether the Court should deny Plaintiffs' Motion for Reconsideration seeking to excuse them from the requirements under RCW 61.24.130 and F.R.C.P. 65(c) when such requirements are not discretionary and the character of the claims made by Plaintiffs are not claims that would excuse Plaintiffs from such requirements.

//

//

///

---

[1] The Court also afforded Defendants until July 5, 2011, to file a responsive pleading to Plaintiffs' Amended Motion for Preliminary Injunction. Defendants intend to file such a responsive pleading, and will address Plaintiffs' entitlement to a preliminary injunction based on the claims made in the Second Amended Complaint and the Court's analysis as to the merit of Plaintiffs' claims in the June 23 Order. Therefore, in the subject response, Defendants will respond to the content in Plaintiffs' Emergency Motion for Declaratory Judgment and the issues the Court directed Defendants to address in their response to the Motion for Reconsideration.

DEFENDANTS HSBC BANK USA, N.A. MERS', AND
LITTON'S RESPONSE TO PLAINTIFFS' MOTION
FOR RECONSIDERATION -2 of 8
CASE NO.  3:11-cv-00026-TSZ

ROUTH
CRABTREE
OLSEN, P.S.

13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

## IV.   AUTHORITY & ARGUMENT

**A. Notwithstanding allegations Defendants failed to comply with the sale prerequisites, Plaintiffs must make their monthly payments as required under RCW 61.24.130(1) as well as deposit a security bond pursuant to F.R.C.P. 65(c) as a condition to entry of a Temporary Restraining Order or Preliminary Injunction.**

RCW 61.24.130(1) provides that nothing contained in this chapter shall prejudice the right of the borrower, grantor, any guarantor, or any person who has an interest in, lien, or claim of lien against the property or some part thereof, to restrain, on **any** proper legal or equitable ground, a trustee's sale. (Emphasis added). The court shall require as a condition of granting the restraining order or injunction that the applicant pay to the clerk of the court the sums that would be due on the obligation secured by the deed of trust if the deed of trust was not being foreclosed. In the case of default in making the periodic payment of principal, interest, and reserves, such sums shall be the periodic payment of principal, interest, and reserves paid to the clerk of the court every thirty days. RCW 61.24.130(1)(a). In other words, while any temporary restraining order or preliminary injunction is in place, the borrower must make their monthly payment due on the loan into the court registry.

Additionally, under F.R.C.P. 65(c), the court may issue a preliminary injunction or a temporary restraining order **only** if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained.[2] F.R.C.P. 65(c). The security required "as the price… for injunctive relief" stems from the courts' reluctance to grant restraining orders, and to provide "indemnity for defendants if a restraint was wrongfully procured…." *Swiss Baco Skyline Logging Co. v. Haliewicz*, 14 Wn. App. 343, 541 P.2d 1014 (1975); *see also Knappett v. Locke*, 92 Wn.2d 643, 600 P.2d 1257 (1979). Washington case law limits a wrongfully restrained party

---

[2] RCW 61.24.130(1) also provides for an additional giving of security to protect the restrained party from costs and damages, including attorneys' fees, as may be later found by the court to have been incurred or suffered by any party by reason of the restraining order or injunction.

DEFENDANTS HSBC BANK USA, N.A. MERS', AND
LITTON'S RESPONSE TO PLAINTIFFS' MOTION
FOR RECONSIDERATION -3 of 8
CASE NO. 3:11-cv-00026-TSZ

ROUTH
CRABTREE
OLSEN, P.S.

13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

1    to damages capped at the "amount of the bond plus interest from the date the action is brought."

2    *Jensen v. Torr*, 44 Wn. App. 207, 721 P.2d 992, *review denied*, 107 Wn.2d 1004 (1986).

3          A court's objective in construing a statute is to determine the legislature's intent. *Udall v.*

4    *T.D. Escrow Services, Inc.,* 159 Wn.2d 903, 909, 154 P.3d 882 (2007) *citing Tingey v. Haisch,*

5    159 Wn.2d 652, 657, 152 P.3d 1020, 1023 (2007)). [I]f the statute's meaning is plain on its face,

6    then the court must give effect to that plain meaning as an expression of legislative intent. *Id.*

7          First, nothing in RCW 61.24.130 suggests that the legislature intended to excuse a

8    borrower alleging procedural defects in the sale process from the monthly payment requirement

9    under RCW 61.24.130. Similarly, the plain language of F.R.C.P. 65(c) makes no suggestion that

10   certain allegations by movants might excuse the movant from 65(c)'s requirements. Thus, the

11   plain language of RCW 61.24.130(1) and F.R.C.P. 65(c) demonstrate both statutes apply to

12   Plaintiffs in this case.

13         Secondly, at least two courts have addressed the applicability of requirements under

14   RCW 61.24.130(1) and FRCP 65(c) based on the character of the TRO applicant's claims. *See*

15   *Bowcutt v. Delta North Star Corp.,* 95 Wn. App. 311, 320, 976 P.2d 643 (1999); *see also*

16   *Olander v. Recontrust Corp.*, C11-177 MJP, 2011 WL 841313 (W.D. Wash. Mar. 7, 2011).

17         In *Bowcutt*, the borrowers sought to enjoin the trustee's sale while a civil suit alleging

18   criminal conspiracy against the lender based on allegations of equity skimming and criminal

19   profiteering was pending. *Bowcutt,* 95 Wn. App. at 320. There, the trial court entered a

20   preliminary injunction thereby restraining the sale and ordered the borrowers to make payments

21   pursuant to RCW 61.24.130(1). In reversing the trial court, the Court of Appeals held that the

22   Court should have entered the injunction under RCW 9A.82 (Washington's criminal profiteering

23   statute) such that the terms of the injunction would be within the discretion of the court because

24   the court had no discretion to waive the bond requirement under RCW 61.24.130(1). *Bowcutt,*

25   321. Thus, while the borrowers in *Bowcutt* were eventually alleviated from the bond

26

DEFENDANTS HSBC BANK USA, N.A. MERS', AND
LITTON'S RESPONSE TO PLAINTIFFS' MOTION
FOR RECONSIDERATION -4 of 8
CASE NO. 3:11-cv-00026-TSZ

ROUTH
CRABTREE
OLSEN, P.S.

13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

1    requirements under RCW 61.24.130(1), it was only based on the fact that their claim for

2    injunction arose from allegations of criminal profiteering under RCW 9A.82.

3           More recently, the Honorable Marsha J. Pechman held that a security bond and payments

4    under F.R.C.P. 65(c) and RCW 61.24.130(1) were appropriate where borrowers moved the court

5    for a TRO based on alleged violations of the DTA. *Olander v. Recontrust Corp.*, C11-177 MJP,

6    2011 WL 841313 (W.D. Wash. Mar. 7, 2011). Judge Pechman distinguished the circumstances

7    in *Olander* from those in *Bowcutt*. In *Olander*, the borrowers had made claims for violations of

8    the DTA based on allegations that the Deed of Trust was invalid and the attempts by Defendants

9    to enforce it were invalid and therefore a violation of the DTA. In distinguishing the claims in

10   *Olander* from those *Bowcutt*, Judge Pechman noted, "[s]ince Olander does not allege acts rising

11   to the level of criminal profiteering, a bond in the amount specified under the DTA would be

12   appropriate, i.e., 'periodic payment of principal, interest, and reserves.' RCW 61.24.130(1)."

13   *Olander v. Recontrust Corp.*, C11-177 MJP, 2011 WL 841313 (W.D. Wash. Mar. 7, 2011).

14          In the case at bar, allegations that Defendants did not comply with the sale prerequisites

15   under the DTA are more similar to the allegations made in *Olander* than those made in *Bowcutt*.

16   Plaintiffs do not allege criminal profiteering by Defendants (or any criminal conduct on the part

17   of Defendants for that matter). And, there is no evidence to suggest any conduct by Defendants

18   could reasonably be construed as criminal. Rather, Plaintiffs question the authority of Defendants

19   to foreclose and allege procedural defects by Defendants in carrying out the foreclosure based on

20   the timing of certain notices and documents and the parties and their relationships to one another

21   that executed and/or recorded such documents.

22          Even if the Court determined the prerequisites for the sale have not been satisfied,[3] such a

23   determination, under the plain language of the statutes and the holdings in *Bowcutt and Olander*

24   would not warrant the Court excusing Plaintiffs from the bond requirements.

25          Thus, if the Court is inclined to grant Plaintiffs' request for TRO or preliminary

26

---

[3] At this time, there are only allegations that the prerequisites have not been met.

DEFENDANTS HSBC BANK USA, N.A. MERS', AND
LITTON'S RESPONSE TO PLAINTIFFS' MOTION
FOR RECONSIDERATION -5 of 8
CASE NO. 3:11-cv-00026-TSZ

ROUTH
CRABTREE
OLSEN, P.S.

13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

1     injunction, it is appropriate that Plaintiffs be required to make their monthly payments and pay a

2     security bond into the court registry. Plaintiffs' monthly payment totals $2,716.57. Additionally,

3     as a security to indemnify Defendants in the event restraint is found to have been wrongful,

4     Defendants request that Court impose a $20,000.00 bond under F.R.C.P. 65(c). Any lesser

5     amount, per *Jensen*, would restrict Defendants' ability to later recover damages.

6     **B. No authority exists to support Plaintiffs' demands for production of the tax records**

7         **as a condition to the Court entering a TRO and ordering payments and a bond**

8         **pursuant to RCW 61.24.130(1) and F.R.C.P. 65(c).**

9     As the TRO applicant, the burden is on the plaintiff to show a legal or equitable right to

10     restrain the sale. *Quinn Const. Co., L.L.C. v. King County Fire Prot. Dist. No. 26*, 111 Wn. App.

11     19, 26-27, 44 P.3d 865, 869, 2002 WL 550962 (Wash. Ct. App. 2002).

12     Plaintiffs' Motion for Reconsideration states there is no evidence the Plaintiffs' Note and

13     Deed of Trust were ever transferred to the Fremont Home Loan Trust 2006-E, no evidence to

14     show the loan trust elected to liquidate/foreclose the Note and Deed of Trust, and such facts can

15     only be verified by the loan trust's tax return statements. In addition to this not actually being the

16     case, even if it was, such allegations do not limit the Court from ordering payments under RCW

17     61.24.130 or F.R.C.P. 65(c) as a condition of a TRO. Here, the requests made in Plaintiffs'

18     motion attempt to impose a burden (that does not exist) to Defendants to produce evidence aimed

19     at excusing Plaintiffs from the price they must pay for the restraining order they have requested.

20     Under Plaintiffs' line of reasoning that Defendants must verify their authority to foreclose

21     prior to entry of a TRO, Defendants would be required to fully litigate the case before the TRO

22     was even entered. The purpose of a TRO is to preserve the status quo while the merits of

23     Plaintiffs' claims are assessed by the Court. Thus, it does not follow that where a court is

24     inclined to enter a TRO (for the benefit of Plaintiffs) while it assesses the merits of the

25     underlying claims, Defendants must produce the evidence that would ultimately resolve the

26

DEFENDANTS HSBC BANK USA, N.A. MERS', AND
LITTON'S RESPONSE TO PLAINTIFFS' MOTION
FOR RECONSIDERATION -6 of 8
CASE NO. 3:11-cv-00026-TSZ

ROUTH
CRABTREE
OLSEN, P.S.

13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

1    underlying claims and that which goes far beyond what is required under the Deed of Trust Act

2    as a prerequisite to foreclosure.

3         Similarly, Plaintiffs have failed to cite any authority (Washington or otherwise) that

4    requires, as a prerequisite to entry of a TRO, that a lender must "validate" or "verify" the default

5    figures as provided in the Notice of Default. The very purpose of the Notice of Default is to

6    inform the borrower of the default figures.[4]

7         Defendants are not obligated to provide the requested evidence as a condition to entry of

8    the TRO.

9    **C.  Title to the subject property was properly vested in the Plaintiffs at the time of the**

10       **loan such that they could grant a security interest in the subject property.**

11       On or about April 21, 2000, Grantor Shadowlane, Inc. conveyed by Statutory Warranty

12   Deed ("SWD") the subject property to Ronald Cabbab, Maria P. Cabbab, and Roland Pizan. The

13   SWD was recorded April 25, 2000, under King County Auditor's File No. 20000426001130. *See*

14   SWD attached as Exhibit 1.

15       Thereafter, Ronald Cabbab and Maria Cabbab divorced. The final divorce decree

16   ("Decree") entered by the court in their divorce proceeding awarded Maria Cabbab Ronald

17   Cabbab's interest[5] in the subject property.[6] *See* Decree attached as Exhibit 2.

18       Thereafter, on October 17, 2006, Maria Casavay Pizan formerly known as Maria P.

19   Cabbab, quitclaimed (the "Quitclaim Deed") her interest in the property to Lilia Pizan. The

20   Quitclaim Deed was recorded October 24, 2006, under King County Auditor's File No.

21   20061024001098. *See* Quitclaim Deed attached as Exhibit 3.

22

23   [4] Even if it was later determined the default figures were incorrect, the payments are made into the court registry, not
     to Defendants. Thus, Plaintiffs suffer no prejudice as a result of the Court ordering payments as detailed in the
24   Notice of Default at this time.
     [5] Roland Pizan retained his interest pursuant to the statutory warranty deed.
25   [6] A Washington [divorce] decree awarding property situated within the state has the operative effect of transferring
     title. *In re Marriage of Kowalewski*, 163 Wash. 2d 542, 548, 182 P.3d 959, 962, 2008 WL 1970904 (2008) (citing
26   *United Benefit Life Ins. Co. v. Price*, 46 Wn.2d 587, 283 P.2d 119 (1955), *overruled on other grounds by Aetna Life
     Ins. Co. v. Wadsworth*, 102 Wn.2d 652, 689 P.2d 46 (1984)).

DEFENDANTS HSBC BANK USA, N.A. MERS', AND
LITTON'S RESPONSE TO PLAINTIFFS' MOTION
FOR RECONSIDERATION -7 of 8
CASE NO. 3:11-cv-00026-TSZ

ROUTH
CRABTREE
OLSEN, P.S.

13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

1   Therefore, at the time of the loan it appears the subject property was vested in Lilia Pizan

2   and Roland Pizan.

3                                    **V.      CONCLUSION**

4   Based upon the foregoing, the Defendants respectfully request the Court deny Plaintiffs'

5   Motion for Reconsideration such that while any TRO or injunction is in effect, Plaintiffs be

6   required to pay into the court registry on a monthly basis the amount of their loan payment,

7   $2,716.57, as well as a one time $20,000 bond to indemnify Defendants from wrongful restrain

8   of the trustee's sale.

9   DATED this 1st day of July, 2011.

10                                          **ROUTH CRABTREE OLSEN, P.S.**

11

12

13                                          Heidi E. Buck, WSBA #41769
                                            Attorneys for Defendant HSBC Bank
14                                          USA, National Association, as Trustee
                                            under the Pooling and Servicing
15                                          Agreement dated as of December 1,
                                            2006, Fremont Home Loan Trust 2006-E,
16                                          Mortgage Electronic Registration
                                            Systems, Inc., and Litton Loan Servicing LP

17

18

19

20

21

22

23

24

25

26

DEFENDANTS HSBC BANK USA, N.A. MERS', AND
LITTON'S RESPONSE TO PLAINTIFFS' MOTION
FOR RECONSIDERATION -8 of 8
CASE NO.  3:11-cv-00026-TSZ

ROUTH
CRABTREE
OLSEN, P.S.

13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131



**20000426001130**
WASHINGTON TIT LID    8 00
PAGE 001 OF 002
04/26/2000 13:06
KING COUNTY, WA

**E1749143**
04/26/2000 12:42
KING COUNTY, WA
TAX           $2,918.00
SALE  $225,000.00

PAGE 001 OF 001

After recording return to
RONALD CABBAB
4444 28TH PL W
SEATTLE WA  98199

Filed for Record at the Request of
Washington Title Company    WTT R230606 - 1

LPB-10

## STATUTORY WARRANTY DEED 9—

**THE GRANTOR** SHADOWLANE, INC , a Washington corporation

for and in consideration of Ten Dollars and Other Good and Valuable Consideration

in hand paid, conveys and warrants to   RONALD CABBAB and MARIA P CABBAB,
husband and wife, and ROLAND PIZAN, an unmarried woman

the following described real estate, situate in the County of KING, State of Washington

Lot(s) 27, Block 13, Liberty Division No  3 an addition to the City of Seattle, according to
the plat thereof recorded in Volume 23 of Plats, page(s) 47, in King County, Washington

Subject to easements, covenants, conditions and restrictions shown on Exhibit "A" as hereto
attached and by this reference made a part hereof

Tax Account No  430320-0135-00

Dated this 21st day of APRIL, 2000
SHADOWLANE, INC

By _Ben Bergsma_____     By _____
BEN BERGSMA-PRESIDENT
By _____         By _____

STATE OF WASHINGTON  }
COUNTY OF KING }
   On this     day of APRIL, 2000, before me, the undersigned, a Notary Public in and for the State of
Washington, duly commissioned and sworn, personally appeared BEN BERGSMA, to me known to be
the PRESIDENT respectively, of SHADOWLANE, INC. the corporation that executed the foregoing
instrument, and acknowledged the said instrument to be the free and voluntary act and deed of said
corporation, for the uses and purposes therein mentioned, and on oath stated that he is authorized to
execute the said instrument.
   Witness my hand and official seal hereto affixed the day and year first above written.

_Carrie L Bezates_____
CARRIE L. BEZATES
Notary Public in and for the State of Washington
residing at FEDEARL WAY   My appointment expires on 01-29-2003

Exhibit 1
Page 1 of 2

Escrow No R230606

"EXHIBIT A"

**MEMORANDUM OF DRAINAGE CONTROL PLAN AND THE TERMS AND CONDITIONS THEREOF:**

BY AND BETWEEN            Shadowlane Construction, Inc  and City of Seattle
DATED.                    December 27, 1999
RECORDED                  December 27, 1999
RECORDING NUMBER          19991227000480

**AN EASEMENT FOR SIDE SEWER AFFECTING THE PORTION OF SAID PREMISES STATED HEREIN AND CONTAINING A PROVISION FOR BEARING EQUAL COSTS OF MAINTENANCE, REPAIR OR RECONSTRUCTION OF SAID COMMON SEWER BY THE COMMON USERS:**

RECORDED                  December 27, 1999
RECORDING NUMBER          19991227000479
WIDTH.                    Six (6) feet
LOCATION·                 As constructed

**COVENANTS AND RESTRICTIONS CONTAINED IN INSTRUMENT, BUT OMITTING ANY COVENANT OR RESTRICTION BASED ON RACE, COLOR, RELIGION, SEX, HANDICAP, FAMILIAL STATUS, OR NATIONAL ORIGIN UNLESS AND ONLY TO THE EXTENT THAT SAID COVENANT (a) IS EXEMPT UNDER CHAPTER 42, SECTION 3607 OF THE UNITED STATES CODE OR (b) RELATES TO HANDICAP BUT DOES NOT DISCRIMINATE AGAINST HANDICAP PERSONS:**

RECORDED·                 November 16, 1999
RECORDING NUMBER          19991116001242

**AN EASEMENT AFFECTING A PORTION OF SAID PREMISES FOR THE PURPOSES STATED THEREIN·**

IN FAVOR OF               City of Seattle, a municipal corporation
FOR                       Underground electric distribution facilities
DISCLOSED BY
INSTRUMENT RECORDED·          February 24, 2000
RECORDING NUMBER          20000224001234
AFFECTS·                  The west 5.00

2000 042 6001130

**Exhibit 1**
**Page 2 of 2**





# Superior Court of Washington
# County of KING

| | | |
|---|---|---|
| In re the Marriage of:<br><br>Cabbab, Maria<br><br>and<br><br>Cabbab, Ronald | Petitioner,<br><br>Respondent. | **No.** 06-3-03784-1 SEA<br><br>[X] **Decree of Dissolution (DCD)**<br>[ ] **Decree of Legal Separation (DCLGSP)**<br>[ ] **Declaration Concerning Validity (DCINMG)**<br>[ ] Clerk's action required<br>[ ] Law Enforcement Notification, ¶ 3.8 |

## I. Judgment/Order Summaries

### 1.1 Restraining Order Summary:

[X] Does not apply.  [ ] Restraining Order Summary is set forth below:

| |
|---|
| Name of person(s) restrained: _____. Name of person(s) protected:_____. **See paragraph 3.8.** |

*Violation of a Restraining Order in Paragraph 3.8 Below With Actual Knowledge of its Terms is a Criminal Offense Under Chapter 26.50 RCW and Will Subject the Violator to Arrest.  RCW 26.09.050.*

### 1.2 Real Property Judgment Summary:

[ ] Does not apply.   [X] Real Property Judgment Summary is set forth below:

| |
|---|
| Assessor's property tax parcel or account number: |

Or

| |
|---|
| Legal description of the property awarded (including lot, block, plat, or section, township, range, county and state):<br>7912 Delridge Way SW, Seattle, WA 98106 (Legal description: Lot 27, Block 13, Liberty Division No. 3, an addition to the City of Seattle, according to plat thereof recorded in Volume 23 of Plats, page 47, in King County, Washington |

| | |
|---|---|
| | See Page _____ for full legal description |

## 1.3 Money Judgment Summary:

[ ] Does not apply.     [X]   Judgment Summary is set forth below.

A. Judgment creditor                                                          Maria Cabbab _____
B. Judgment debtor                                                            Ronald Cabbab _____
C. Principal judgment amount                                             $ _____
D. Interest to date of judgment                                          $ _____
E. Attorney fees                                                                $ $1,500 _____
F. Costs                                                                          $ _____
G. Other recovery amount                                                $ _____
H. Principal judgment shall bear interest at _____ % per annum
I. Attorney fees, costs and other recovery amounts shall bear interest at _____7_____ % per annum
J. Attorney for judgment creditor                                        Peter B. Maguddayao _____
K. Attorney for judgment debtor                                         _____
L. Other:

### *End of Summaries*

## II.  Basis

Findings of Fact and Conclusions of Law have been entered in this case.

## III.  Decree

### *It Is Decreed* that:

### 3.1    Status of the Marriage

[X]       The marriage of the parties is dissolved.
[ ]        The husband and wife are legally separated.
[ ]        The marriage of the parties is invalid.
[ ]        The marriage of the parties is valid.

### 3.2    Property to be Awarded the Husband

[ ]        The husband is awarded as his separate property the property set forth in Exhibit _____.
          This exhibit is attached or filed and incorporated by reference as part of this decree.
[ ]        The husband is awarded as his separate property the property set forth in the separation
          contract or prenuptial agreement executed by the parties on _____ [date].
          The separation contract or prenuptial agreement is incorporated by reference as part of this
          Decree.  The prenuptial agreement or, pursuant to RCW 26.09.070(5), the separation
          contract [ ] is [ ] is not filed with the court.
[X]       The husband is awarded as his separate property the following property (list real estate,
          furniture, vehicles, pensions, insurance, bank accounts, etc.):

1.  Automobile: Hyundai
2.  Computer
3.  DVDs
4.  Honda Civic 1991

*Decree (DCD) (DCLGSP) (DCINMG) - Page 2 of 8*
*WPF DR 04.0400 (6/2006) - RCW 26.09.030; .040; .070 (3)*

Exhibit 2
Page 2 of 9

[ ]     Other:

### 3.3     Property to be Awarded to the Wife

[ ]     The wife is awarded as her separate property the property set forth in Exhibit _____. This
        exhibit is attached or filed and incorporated by reference as part of this decree.

[ ]     The wife is awarded as her separate property the property set forth in the separation
        contract or prenuptial agreement referenced above.

[X]     The wife is awarded as her separate property the following property (list real estate,
        furniture, vehicles, pensions, insurance, bank accounts, etc.):

1. House located on 7912 Delridge Way SW, Seattle, WA 98106 (Legal description: Lot 27, Block
   13, Liberty Division No. 3, an addition to the City of Seattle, according to plat thereof recorded
   in Volume 23 of Plats, page 47, in King County, Washington).
2. Automobile: Nissan Quest 1997
3. Big Screen TV
4. Entertainment system
5. Furniture, including bed and couch.

[ ]     Other:

### 3.4     Liabilities to be Paid by the Husband

[X]     Does not apply.

[ ]     The husband shall pay the community or separate liabilities set forth in Exhibit _____.
        This exhibit is attached or filed and incorporated by reference as part of this decree.

*Decree (DCD) (DCLGSP) (DCINMG) - Page 3 of 8*
*WPF DR 04.0400 (6/2006) - RCW 26.09.030; .040; .070 (3)*

Exhibit 2
Page 3 of 9

[ ]    The husband shall pay the community or separate liabilities as set forth in the separation contract or prenuptial agreement referenced above.

[ ]    The husband shall pay the following community or separate liabilities:

<u>Creditor</u>                                        <u>Amount</u>

[ ]    Other:

Unless otherwise provided herein, the husband shall pay all liabilities incurred by him since the date of separation.

### 3.5    Liabilities to be Paid by the Wife

[X]    Does not apply.

[ ]    The wife shall pay the community or separate liabilities set forth in Exhibit _____.  This exhibit is attached or filed and incorporated by reference as part of this decree.

[ ]    The wife shall pay the community or separate liabilities as set forth in the separation contract or prenuptial agreement referenced above.

[ ]    The wife shall pay the following community or separate liabilities:

<u>Creditor</u>                                        <u>Amount</u>

[ ]    Other:

Exhibit 2
Page 4 of 9

Unless otherwise provided herein, the wife shall pay all liabilities incurred by her since the date of separation.

## 3.6    Hold Harmless Provision

[X]     Each party shall hold the other party harmless from any collection action relating to separate or community liabilities set forth above, including reasonable attorney's fees and costs incurred in defending against any attempts to collect an obligation of the other party.

[ ]     Other:

*Decree (DCD) (DCLGSP) (DCINMG) - Page 5 of 8*
*WPF DR 04.0400 (6/2006) - RCW 26.09.030; .040; .070 (3)*

Exhibit 2
Page 5 of 9

**3.7     Spousal Maintenance**

    [ ]       Does not apply.

    [ ]       The [ ] husband [ ] wife shall pay maintenance as set forth in Exhibit _____.  This exhibit is attached or filed and incorporated by reference as part of this decree.

    [ ]       Spousal maintenance shall be paid as set forth in the separation contract or prenuptial agreement referenced above.

    [X]      The [X] husband [ ] wife shall pay $ 1,500 maintenance.  Maintenance shall be paid [ ] weekly [ ] semi-monthly [X] monthly.
              The first maintenance payment shall be due on September 1, 2006 [Date].

The obligation to pay future maintenance is terminated upon the death of either party or the remarriage of the party receiving maintenance unless otherwise specified below:



Payments shall be made:

         [ ]       directly to the other spouse.

         [X]      to the Washington State Child Support Registry (only available if child support is ordered).

         [ ]       to the clerk of this court as trustee for remittance to the other spouse (only available if there are no dependent children).

    [ ]       If a spousal maintenance payment is more than 15 days past due and the total of such past due payments is equal to or greater than $100, or if the obligor requests a withdrawal of accumulated contributions from the Department of Retirement Systems, the obligee may seek a mandatory benefits assignment order under Chapter 41.50 RCW without prior notice to the obligor.

    [ ]       The Department of Retirement Systems may make a direct payment of all or part of a withdrawal of accumulated contributions pursuant to RCW 41.50.550(3).

    [ ]       Other:

---

**3.8     Continuing Restraining Order**

    [X]      Does not apply.

    [ ]       A continuing restraining order is entered as follows:

         [ ]       The [ ] husband [ ] wife is restrained and enjoined from disturbing the peace of the other party.

         [ ]       The [ ] husband [ ] wife is restrained and enjoined from going onto the grounds of or entering the home, work place or school of the other party, or the day care or school of the following named children: _____
                                                 .

         [ ]       The [ ] husband [ ] wife is restrained and enjoined from knowingly coming within or knowingly remaining within _____ (distance) of the

**Exhibit 2**
**Page 6 of 9**

home, work place or school of the other party, or the day care or school of these children: _____ .
other: _____ .

[ ]   _____ [Name] is restrained and enjoined from molesting, assaulting, harassing, or stalking _____ [Name]. (The following firearm restrictions apply if this box is checked:  Effective immediately and continuing as long as this continuing restraining order is in effect, the restrained person may not possess a firearm or ammunition. 18 U.S.C. § 922(g)(8).  A violation of this federal firearms law carries a maximum possible penalty of 10 years in prison and a $250,000 fine.  An exception exists for law enforcement officers and military personnel when carrying department/government-issue firearms.  18 U.S.C. § 925(a)(1).)

[ ]   Other:

***Violation of a Restraining Order in Paragraph 3.8 With Actual Knowledge of its Terms Is a Criminal Offense Under Chapter 26.50 RCW and Will Subject the Violator to Arrest. RCW 26.09.060.***

[ ]   **Clerk's Action**.  The clerk of the court shall forward a copy of this order, on or before the next judicial day, to: _____ law enforcement agency which shall enter this order into any computer-based criminal intelligence system available in this state used by law enforcement agencies to list outstanding warrants.  **(A law enforcement information sheet must be completed by the party or the party's attorney and provided with this order before this order will be entered into the law enforcement computer system.)**

## Service

[ ]   The restrained party or attorney appeared in court or signed this order; service of this order is not required.

[ ]   The restrained party or attorney did not appear in court; service of this order is required.

## Expiration

This restraining order expires on: _____ (month/day/year).
This restraining order supersedes all previous temporary restraining orders in this cause number.

[ ]   Any temporary restraining order signed by the court in this cause number is terminated. ***Clerk's Action***.  The clerk of the court shall forward a copy of this order, on or before the next judicial day, to: _____ law enforcement agency where ***Petitioner*** resides which shall enter this order into any computer-based criminal intelligence system available in this state used by law enforcement agencies to list outstanding warrants.

## Full Faith and Credit

Pursuant to 18 U.S.C. § 2265, a court in any of the 50 states, the District of Columbia, Puerto Rico, any United States territory, and any tribal land within the United States shall accord full faith and credit to the order.

Exhibit 2
Page 7 of 9

**3.9     Protection Order**

[X]     Does not apply.
[ ]     The parties shall comply with the Order for Protection signed by the court on this date,
_____ in this cause number.  The Order for Protection
signed by the court is approved and incorporated as part of this decree.

**3.10    Jurisdiction Over the Children**

[ ]     Does not apply because there are no dependent children.
[X]     The court has jurisdiction over the children as set forth in the Findings of Fact and
Conclusions of Law.

**3.11    Parenting Plan**

[ ]     Does not apply.
[X]     The parties shall comply with the Parenting Plan signed by the court on August 1, 2006
[Date]. The Parenting Plan signed by the court is approved and incorporated as part of this
decree.

**3.12    Child Support**

[ ]     Does not apply.
[X]     Child support shall be paid in accordance with the order of child support signed by the
court on August 1, 2006[Date].  This order is incorporated as part of this decree.

**3.13    Attorney Fees, Other Professional Fees and Costs**

[ ]     Does not apply.
[ ]     Attorney fees, other professional fees and costs shall be paid as set forth in the separation
contract or prenuptial agreement referenced above.
[X]     Attorney fees, other professional fees and costs shall be paid as follows:
Ronald Cabbab shall pay Maria Cabbab $1,500 for attorney fees.

**3.14    Name Changes**

[ ]     Does not apply.
[X]     The wife's name shall be changed to _Maria Casauay Pizan_ [First, Middle,
Last Name].

*Decree (DCD) (DCLGSP) (DCINMG) - Page 8 of 8*
*WPF DR 04.0400 (6/2006) - RCW 26.09.030; .040; .070 (3)*

Exhibit 2
Page 8 of 9

[ ]      The husband's name shall be changed to _____ [First, Middle, Last Name].

**3.15   Other**

Dated: _____

Signature (Judge/Commissioner)

**Judge/Commissioner**

CARLOS VELATEGUI
COURT COMMISSIONER
AUG 0 1 2006

Petitioner or petitioner's lawyer:
A signature below is actual notice of this order.
[X]  Presented by:
[ ]  Approved for entry:
[ ]  Notice for presentation waived:

_____   WSBA#35128
Signature of Petitioner or Lawyer/WSBA No.

Peter B. Maguddayao          8/1/2006
Print or Type Name           Date

Respondent or respondent's lawyer:
A signature below is actual notice of this order.
[ ]  Presented by:
[ ]  Approved for entry:
[ ]  Notice for presentation waived:

_____
Signature of Respondent or Lawyer/WSBA No.

_____
Print or Type Name           Date

*Decree (DCD) (DCLGSP) (DCINMG) - Page 9 of 8*
*WPF DR 04.0400 (6/2006) - RCW 26.09.030; .040; .070 (3)*

Exhibit 2
Page 9 of 9

AFTER RECORDING MAIL TO:

Roland And Lilia Pizan
7912 Delridge Way
Seattle, WA 98106



20061024001098
RAINIER TITLE  QCD
PAGE001 OF 001        32.00
10/24/2006 14:01
KING COUNTY, WA

## QUIT CLAIM DEED

Escrow No.: 2006090330
Title Order No.: 405809

THE GRANTOR(S)  Maria Casavay Pizan formerly known as Maria P. Cabbab, *Sing 6*

for and in consideration of Gift

in hand paid, conveys and quit claims to: Lilia Pizan, as her separate estate, *Sing 6*

the following described real estate, situated in the County of King, State of Washington:

**Lot 27 , Block 13, Liberty Division No. 3, according to the plat thereof recorded in volume 23 of Plats, page 47, records of King Count , Washington.**

Abbreviated Legal: (Required is full legal not inserted above) Litberty Div. No. 3, Lot 27 BLK 13

Tax Parcel Number(s): 4303200135

Dated: October 17, 2006

*33/1*

RECORDED BY
RAINIER TITLE
*405809-N*

*Maria Casavay Pizan*          10-18-06
Maria Casavay Pizan formerly known as Maria P.
Cabbab *Casavay MCP*

E2245220
10/24/2006 13:59
KING COUNTY,
WA
TAX            $2,373.37
SALE          $135,654.82          PAGE001 OF 001

State of WA                          }
                                     }ss.
County of King                       }

I certify that I know or have satisfactory evidence that Maria Casavay Pizan formerly known as Maria P. Cabbab   is/are the person(s) who appeared before me, and said person(s) acknowledged that he/she/they signed this instrument and acknowledged it to be his/her/their free and voluntary act of such party(ies) for the uses and purposes mentioned in this instrument.

Dated: 10/18/06

Notary name printed or typed: Derek P Cook
Notary Public in and for the State of Washington
Residing at King County
My appointment expires 5/29/2008

DEREK P. COOK
COMMISSION EXPIRES
NOTARY
PUBLIC
5-29-08
STATE OF WASHINGTON

LPB 12-05

**Exhibit 3**
**Page 1 of 1**